UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC SELDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13075** |
| **JAMES M. LEBLANC, ET AL.** | **SECTION "F"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. On January 23, 2020, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by telephone.[2] Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual and Procedural Background**

The plaintiff, Eric Selders, is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Selders filed this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against the defendants, Secretary James M. LeBlanc of the Louisiana Department of Corrections ("DOC"), RCC Warden Robert C. Tanner, RCC Nursing Director Marsha Culpepper, and RCC Assistant Warden Beverly Kelly. Selders alleges that he

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 11.

suffers with asthma, shortness of breath, and now COPD, which he claims was caused by the second-hand smoke of other inmates in RCC.

Selders claims that the DOC and prison officials are not doing enough to enforce the DOC's policies on smokeless facilities. He concedes that the jail commissary sells only smokeless tobacco in accordance with the policy, but avers that the inmates continue to violate the rules by drying the tobacco to roll and smoke home-made cigarettes. He complains that, in responding to his grievance complaints through the prison's administrative remedy procedures ("ARP"), Secretary LeBlanc's office and Warden Tanner failed to acknowledge the inmates' continued violations. Instead, he was denied relief on his complaints based on the smoke-free policies, which allow only smokeless tobacco, and his single-man cell, which insulated him from second-hand smoke.

He also complains that Director Culpepper, as a supervisor over nurses in the medical unit, should be and is not reviewing all medical records to assure that the medical staff properly records his concerns that his illnesses are being caused by the second-hand smoke in the prison. He also indicates that Assistant Warden Kelly apparently receives copies of all of the grievance complaints but fails independently to investigate the complaints on her own.

As relief, Selders seeks an order to prevent the DOC from selling any tobacco products, to enforce the no-smoking rules and procedures, and/or to establish a no-smoking dormitory. He also requests damages and costs.

## II.   Standards of Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other*

grounds, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Frivolousness Review

#### A.  Supervisory Liability

Selders has alleged that the defendants Secretary LeBlanc and Warden Tanner in their supervisory capacities are not assuring that the smoke-free policies at RCC are being enforced against inmates who make their own unauthorized cigarettes. He also complains that Director Culpepper and Assistant Warden Kelly are not assuring that the personnel under their supervision are maintaining records or fully addressing his complaints about his illnesses being caused by

3

second-hand smoke.  To the extent he names them each as a supervisory official, his claims are frivolous.[3]

To recover under § 1983, a plaintiff must identify both the constitutional violation and the responsible person acting under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981).  Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to liability on a claim for damages under §1983.  Thus, a supervisory official, like the named defendants, cannot be held liable pursuant to § 1983 under any theory of respondeat superior or simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability.").  A defendant would be liable under § 1983 only if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

In this case, Selders does not allege that Secretary LeBlanc was personally involved in any aspect of life at RCC or that he knew of Selders's plight or the facts of his complaints.  Instead, he suggests that someone in the DOC office responded to and denied his administrative grievance complaint noting that Selders was in a single-man cell protecting him from second-hand smoke.  Thus, he does not allege that Secretary LeBlanc was personally involved in or made aware of his situation, only that someone under his supervision responded to the grievance.  This is not

---

[3]The defendants' roles in the ARP grievance process is discussed in the next section of this Report.

4

sufficient to prove personal liability, and Secretary LeBlanc cannot be held liable for the acts of others under his supervision.

Selders in part seeks to hold Warden Tanner generally liable in his overall supervisory position over the prison. Similarly, he seeks to hold Assistant Warden Kelly in her supervisory role over two of the departments to which he has complained about the second-hand smoke causing his illnesses. However, the Warden and Assistant Warden cannot be held liable under § 1983 for the alleged wrongful actions of their subordinates. Selders has only speculated that Assistant Warden Kelly was informed of his complaints. He avers only that she should be reading the grievance complaints that are processed through departments under her supervision. This is not sufficient to establish a personal role in the alleged conditions of his confinement. As for Warden Tanner, Selders claims only that he is in charge of the jail and responded to two of his grievance complaints. As discussed in the next section of this report, having a role in the grievance process does not create personal liability much less supervisory liability. These officials cannot be held liable simply in their roles as supervisors.

Similarly, he seeks to hold Director Culpepper liable for the alleged failure of the medical personnel to properly or adequately record his medical complaints. He has not alleged that Director Culpepper had any personal role in his care or treatment, or any aspect of his underlying claims. She simply cannot be held liable for the alleged inadequacies of her subordinates.

Selders also has not alleged and cannot establish that he suffered any constitutional violation or physical injury directly resulting from any order, policy, or directive implemented by any of the defendants to create a vicarious liability under § 1983. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112,

124-25 (1988). To the contrary, Selders acknowledges that the policy within the prison and DOC is a smoke-free policy, prohibiting smoking and allowing only smokeless tobacco to be sold.

Despite this, he believes without medical support that his COPD and related symptoms were caused by second-hand smoke in the prison from the illicit home-made cigarettes made and smoked by other inmates. Selders acknowledges that any second-hand smoke within the prison from other inmates is a prohibited use of tobacco under prison and DOC policy. Such actions, therefore, are contrary to the policies implemented by DOC and prison officials (including defendants) and not the result of that policy. Thus, there is no basis here to impose supervisory liability under § 1983 against the supervisory officials.

Selders's claims against the defendants as a supervisory officials over the prison and its staff are frivolous and otherwise fail to state a claim for which relief can be granted under 28 U.S.C. § 1915 and § 1915A and 42 U.S.C. § 1997e.

### B. Inadequate ARP Response

Broadly construing his claims, Selders alleges that Warden Tanner, Director Culpepper, and Assistant Warden Kelly did not properly review, investigate, or respond to his ARP grievance complaints to assure he received the relief and care he requested, including enforcement of the DOC no-smoking policy.[4] The claims are frivolous.

It is well settled that a prisoner does not have a constitutional right to an effective grievance procedure, and he has no due process liberty interest in having his grievances resolved or investigated to his satisfaction. *Hill v. Walker*, 718 F. App'x 243, 249-50 (5th Cir. 2018) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)); *Staples v. Keffer*, 419 F. App'x 461, 463

---

[4]The Court again notes that Selders indicated that Secretary LeBlanc did not answer his grievance; instead, it was answered by someone in his office.

(5th Cir. 2011). In other words, there is no constitutional guarantee that the inmate will receive a response from or be satisfied with the responses by the prison officials. *Id.* at 250 (citing *Geiger*, 404 F.3d at 374). Furthermore, to the extent he claims the officials are not properly enforcing their policies, "[t]he failure of the prison to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim." *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). Selders's dissatisfaction with the responses he received is insufficient to state a § 1983 claim against the defendants.

This claim is frivolous and otherwise fails to state a claim for which relief can be granted and should be dismissed pursuant to § 1915, § 1915A, and § 1997e.

## IV.     Recommendation

It is therefore **RECOMMENDED** that Eric Selders's § 1983 claims against the defendants, Secretary James M. LeBlanc, Warden Robert C. Tanner, Nursing Director Marsha Culpepper, and Assistant Warden Beverly Kelly be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this ___1st___ day of July, 2020.

                                                  _____
                                                       KAREN WELLS ROBY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.